T.C. Memo. 2000-347

UNITED STATES TAX COURT

DOUGLAS T. BUSBY & VALARIE E. BUSBY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10998-99.                        Filed November 8, 2000.

Usha Ravi, for respondent.

MEMORANDUM OPINION

CARLUZZO, Special Trial Judge:  This deficiency proceeding,
filed pursuant to section 6213(a),[1] is before the Court on
respondent's Motion to Dismiss for Lack of Jurisdiction, filed
December 6, 1999, upon the ground that the petition was not filed
within the period prescribed by that section.  In his response to
respondent's motion, filed January 18, 2000, Douglas T. Busby

_____

[1] Section references are to the Internal Revenue Code of
1986, as amended.

suggests that the notice of deficiency upon which this case is based was not mailed to him at his last known address.[2] Hearings on respondent's motion were conducted in San Francisco, California, on May 9 and 12, 2000.

The issue for decision is whether the notice of deficiency upon which this case is based was sent to petitioners at their last known address.

Background

In a notice of deficiency issued and sent by certified mail on December 16, 1998 (the notice), respondent determined a deficiency of $3,412 in petitioners' 1996 Federal income tax. The petition in this case was filed on June 10, 1999, which is more than 90 days after the date that the notice was mailed. On the date that the petition was filed, petitioners resided at separate addresses in California. References to petitioner are to Valarie E. Busby.

The notice is addressed to petitioners at 1622 Cherokee Drive, Salinas, CA 93906 (the Cherokee Drive address). The address listed for petitioners on their joint 1996 Federal income tax return, filed as husband and wife, is 556 Leslie Drive, Salinas, CA 93906 (the Leslie Drive address). This address is

_____

[2] Valarie E. Busby's response, filed February 15, 2000, focuses more upon the merits of the adjustments contained in the notice of deficiency than on the merits of respondent's jurisdictional motion.

also the address they listed on their 1997 joint return, filed on or before April 15, 1998. Petitioner's 1997 joint return is the most recently filed return before the notice was issued.

The examination of petitioners' 1996 return began sometime before June 24, 1998. On that date, a notice of proposed adjustments (the 30-day letter) relating to 1996 was sent to petitioners at the Leslie Drive address. By that time, petitioner had moved to the Cherokee Drive address. Nevertheless, she received the 30-day letter, forwarded to the Cherokee Drive address by the U.S. Postal Service, and noticed it was mailed to an address no longer current. This prompted her to notify respondent of her change of address to Cherokee Drive. She did so by placing a telephone call to an IRS Service Center and speaking with one of its employees sometime between June 24 and September 23, 1998. On the latter date, a duplicate of the 30-day letter was mailed to petitioners at the Cherokee Drive address.

During the telephone call with the IRS Service Center employee, petitioner was asked to provide the Social Security number of her spouse, which she did. The information was necessary because the return under examination and the return filed most recently before the telephone call were joint returns. Based upon the information provided by petitioner during the telephone call, the IRS Service Center employee changed

petitioners' address from the Leslie Drive address, the address listed on their most recently filed return, to the Cherokee Drive address. Based upon her response to respondent's motion, it appears that petitioner was still living at the Cherokee Drive address on the date the notice was issued but moved from that address shortly thereafter.

As it turned out, petitioners had separated sometime in 1998, and Douglas T. Busby was not living at either the Leslie Drive address or the Cherokee Drive address on the date that the notice was mailed. It is unclear where he was living on the date of the above-described telephone conversation between petitioner and an IRS Service Center employee. Nevertheless, Douglas T. Busby was apparently aware of the then ongoing examination. In his response to respondent's motion, he states that, at the time, he was making "support" payments to petitioner, who told him that the payments were "also to help pay for any back taxes owed".

Discussion

The petition in this case, filed June 16, 1999, was not filed within 90 days from the date that the notice was issued and mailed to petitioners. That being so, we are without jurisdiction, and the case must be dismissed. See sec. 6213(a); Monge v. Commissioner, 93 T.C. 22, 27 (1989). The specific basis for doing so, however, requires further discussion because Douglas T. Busby questions, albeit in an unfocussed manner,

whether the notice was mailed to his last known address.  For the following reasons, we find that it was.

Having determined a deficiency in petitioners' 1996 Federal income tax, respondent was authorized to send by certified or registered mail a notice of deficiency to petitioners at their "last known address".  Sec. 6212(a) and (b).  Petitioners filed a joint Federal income tax return for 1996.  Section 6212(b)(2) states that: "In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that <u>if the Secretary has been notified by either spouse that separate residences have been established</u>, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address." (Emphasis added.) Petitioners do not contend, and nothing in the record demonstrates, that either of them notified respondent that they had established separate residences.

In general, a taxpayer's last known address is the address shown on the most recently filed return, absent clear and concise notice of a change in address.  See <u>King v. Commissioner</u>, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); <u>Abeles v. Commissioner</u>, 91 T.C. 1019, 1035 (1988).

In this case, the notice was not mailed to petitioners at the address listed on their most recently filed joint return.

Instead, the notice was mailed to them at an address provided to respondent by petitioner in a telephone conversation that occurred sometime between June 24 and September 23, 1998. As a result of that telephone call, respondent's records were changed not only with respect to petitioner's address, but also with respect to Douglas T. Busby.

Respondent's internal procedures allow for other than written "clear and concise" notice of a change of address if such notice is received by, or provided to, respondent during the course of an income tax examination. See 4 Examination, Internal Revenue Manual, sec. 4243.1(2)(b) (Nov. 14, 1994); see also Westphal v. Commissioner, T.C. Memo. 1992-599. During the course of the examination of petitioners' 1996 joint return, petitioner notified respondent of a change of address over the telephone, and petitioners' address was changed as a result. As previously noted, neither of the petitioners notified respondent that they had established separate residences.

According to his response to respondent's motion, Douglas T. Busby, who apparently was aware of the then ongoing examination of his 1996 return, moved several times during the relevant period. Nothing in the record suggests that he notified respondent of any change of address. Under the circumstances, we are satisfied that petitioner's telephone conversation providing notification of a new address to an IRS Service Center employee

constituted "clear and concise" notice of a change of address not only for petitioner, a point not really in dispute, but for Douglas T. Busby as well.  The Cherokee Drive address is therefore petitioners' last known address within the meaning of section 6212, and the notice was properly mailed to them at that address.  See <u>Abeles v. Commissioner</u>, 91 T.C. 1019 (1988).

Because the petition in this case was not filed within the period prescribed by section 6213(a), respondent's motion will be granted and the case will be dismissed for lack of jurisdiction upon that ground.

To reflect the foregoing,

<u>An appropriate order dismissing this case for lack of jurisdiction will be entered</u>.